IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAIL SCALE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:15-cv-2117-RSP |
| BALANCED RAILSCALE | § | |
| CERTIFICATION, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court are Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Dkt. Nos. 14 and 16). The motions contend that (1) there is no diversity jurisdiction due to the Florida domicile of one of the Defendants and the Plaintiff, (2) the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, (3) the claims involving trade secrets and breach of fiduciary duty fail to state a claim because they lack specificity, and (4) the civil theft and unfair competition claims are preempted by the Texas Uniform Trade Secret Act (TUTSA).

The Plaintiff alleges that Defendants are two former employees of Plaintiff (having left Plaintiff's employ four years ago and one year ago, respectively), and a company the two formed together one year ago. Defendants are alleged to be infringing Plaintiff's trademarks and trade name, and to have misappropriated trade secrets and confidential documents, breached their fiduciary duties, and committed acts of unfair competition. Defendants concede that the Court has jurisdiction over the federal question claims that Plaintiff has alleged under the Lanham Act, but contend that the various state law claims do not arise out of a common

nucleus of operative fact with the Lanham Act claims. The Court is satisfied that the claims are sufficiently connected and that the exercise of supplemental jurisdiction is appropriate.

With respect to the sufficiency of the allegations regarding trade secrets and fiduciary duty, the Court agrees with Defendants that specificity is required, but the discovery process is the manner in which that should be obtained. The allegations are clearly sufficient to put the Defendants on notice as to the nature of the claims. Finally, the Court does not find sufficient legal authority to conclude that TUTSA preempts Plaintiff's civil theft and unfair competition claims. Accordingly, the motions (Dkt. Nos. 14 and 16) are DENIED.

**SIGNED this 4th day of September, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE