# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RAIL SCALE, INC., § | |
| § | |
| *Plaintiff*, § | Case No. 2:15-CV-02117-RSP |
| § | |
| v. § | |
| § | |
| BALANCED RAILSCALE § | |
| CERTIFICATION, LLC, TROY § | |
| SWEDLUND, DENNIS SANDIFER, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

This is an unfair competition case in which Rail Scale, Inc. ("RSI") alleges that former RSI employees, Troy Swedlund and Denis Sandifer, and their newly-formed rail scale certification business, Balanced Railscale Certification, LLC ("BRC"), misappropriated RSI's trade secrets, breached fiduciary duties to RSI, committed civil theft, engaged in common law unfair competition, and infringed RSI's trademark and tradename. Defendants counterclaim that RSI intentionally interfered with their prospective business and disparaged BRC, and Defendants seek a declaratory judgment that Defendants are not infringing RSI's trademarks, tradename, or trade secret rights. RSI moves to dismiss these counterclaims for failure to state a claim under Rule 12(b)(6). Dkt. No. 41 and 47. For the reasons explained below, RSI's motion to dismiss is GRANTED-IN-PART to the extent that Defendants' declaratory judgment counterclaims are dismissed as redundant of RSI's affirmative claims. RSI's motion to dismiss is otherwise DENIED.

## DISCUSSION

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view [s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). The court must then decide whether those facts state a plausible claim for relief. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 217 (5th Cir. 2012). "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555)).

The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner*, 562 U.S. at 530. The "short and plain"

statement does not "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014).

### A. Declaratory Judgment Counterclaims

Courts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the plaintiff's affirmative claims. *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, No. 4:13-CV-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (collecting cases). RSI argues that Defendants' declaratory judgment counterclaims should be dismissed because they are mirror images of RSI's trademark, tradename, and trade secret claims. Dkt. No. 41 at 2-4. The Court agrees.

Defendants' declaratory judgment counterclaim concerning RSI's allegations of trademark and tradename infringement is a mirror-image of RSI's claim. RSI alleges that Defendants are infringing its "Rail Scale" mark and name. Dkt. No. 11 ¶ 88. Defendants' counterclaim seeks a declaratory judgment that "RSI has no enforceable rights with regard to the term 'RAIL SCALE," and that "none of the Defendants is infringing any protectable or enforceable trademark or trade name rights *as to that term*." Dkt. No. 43 ¶ 158 (emphasis added).

The same is true of Defendants' declaratory judgment claim regarding RSI's trade secrets. RSI's amended complaint alleges that "Defendants, by virtue of their prior employment with RSI, possess RSI's Confidential Trade Secrets, including but not limited to RSI's marketing and pricing strategies, customer lists, and proprietary methods for railroad scale certification." Dkt. No. 11 ¶ 52. Defendants' counterclaim seeks a declaratory judgment that "RSI has no enforceable trade secrets in any of the *information it has claimed*," and that "none of the

3

Defendants has or could [have] misappropriated any of *those purported trade secrets*." Dkt. No. 43 ¶ 163 (emphasis added).

Defendants contend that their counterclaims should not be dismissed because the counterclaims seek a declaratory judgment that Defendants are not infringing *any* of RSI's trademark, trade name, or trade secret rights. Dkt. No. 44 at 2. But Defendants' counterclaims are not worded that broadly. Accordingly, Counts I and II of Defendants' Second Amended Counterclaim, Dkt. No. 43 ¶¶ 154-64, are DISMISSED. Defendants' liability for trademark and tradename infringement and trade secret misappropriation will be resolved as part of RSI's claims. A declaratory judgment from the Court is unnecessary. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (Courts have "broad discretion to grant or decline to grant declaratory judgment."); *Am. Equip.*, 2014 WL 3543720, at *3 ("[I]f a request for declaratory judgment adds nothing to an existing suit, it may be dismissed.") (citing *Pan–Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980)).

### B. Tortious Interference Counterclaim

The parties do not dispute that under Texas law, a claim for tortious interference must allege facts supporting the following elements:

(1) A reasonable probability that the injured party and a third party would have entered into a contractual relationship;

(2) The accused party committed an independently tortious or wrongful act preventing the relationship from occurring;

(3) The accused party did the act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of the conduct; and

4

(4) The injured party incurred actual harm or damage as a result of the interference. *Dunlap v. Denison Indep. Sch. Dist.*, No. 4:09CV234, 2010 WL 1189561, at *5 (E.D. Tex. Mar. 25, 2010).

RSI contends that Defendants have not alleged facts sufficient to support the first two elements of a tortious interference claim. First, RSI argues that Defendants have not alleged facts supporting "any particular prospective business relationships with which to interfere." Dkt. No. 47 at 4. Second, RSI contends that Defendants have not alleged any independently tortious or wrongful act. *Id.* at 6-8. The Court disagrees on both points.

Defendants allege that RSI "has resorted to contacting companies in the rail-scale industry to threaten that any company that does business with BRC faces the risk of some sort of legal liability and involvement with the current litigation." Dkt. No. 43 ¶ 166. The counterclaim describes one such instance of alleged tortuous interference, *see id.* ¶ 167, and states that "third-party discovery will reveal numerous other instances," *id.* ¶ 168.

With respect to the first element of a tortious interference claim, Defendants allege that before RSI filed its complaint, BRC had been approached by a potential customer who requested a quote from BRC. BRC and the potential customer were in the process of scheduling a test certification when the potential customer informed BRC that it was no longer interested in the contract. BRC alleges that it later learned that RSI's Director of Scale Certification Services, Keith Pearce, had called the potential customer to warn the customer that a contract with BRC "would . . . result in [the customer] being liable to RSI as a part of RSI's suit against BRC." *Id.* ¶ 167.

Viewing these allegations in a light most favorable to the Defendants, the counterclaim establishes a reasonable probability of a contractual relationship. Under Texas law, a tortious

interference claimant does not have to prove that a contract "would have certainly been made but for the interference," but only that entering into a contract was "reasonably probable, considering all of the facts and circumstances attendant to the transaction." *Paul v. Fedex Ground Package Sys., Inc.*, No. CIV.A.H-10-258, 2010 WL 2269926, at *3 (S.D. Tex. June 4, 2010). Given the potential customer's request for a quote and BRC's efforts to schedule a test certification, BRC has alleged a reasonable probability that the potential customer and BRC would have entered into a contract.

With respect to the second element, RSI contends that a phone call to a competitor's potential customer threatening litigation is not an independently tortious act because "[e]nforcement of a party's legal rights are not wrongful acts giving rise to a tortious interference claim." Dkt. No. 47 at 6 (citing *Millionway Int'l, Inc. v. Black Rapid, Inc.*, No. CIV.A. H-13-1780, 2013 WL 6230366, at *4 (S.D. Tex. Dec. 2, 2013), aff'd, 585 F. App'x 1011 (Fed. Cir. 2014)). But RSI misunderstands the import of *Millionway*. *Millionway* dealt with a tortious interference claim arising from a patent holder's alleged intimidation of an accused party's suppliers, distributors, and customers, based on the accused party's patent infringement. *Millionway*, 2013 WL 6230366, at *4. The court dismissed the tortious interference claim because the suppliers, distributors, and customers, like the accused party, were equally exposed to patent infringement liability. *Id.* Thus, the patent holder was merely informing the third-parties of their potential liability, which is not an independently tortious act.

Defendants' tortious interference counterclaim is based on different circumstances. Defendants allege that RSI informed BRC's potential customers that a contract with BRC would make them liable to RSI. But RSI's claims are different than patent infringement claims in which the liability of a manufacturer, customer, distributor, or supplier may be indistinguishable. By

6

contrast, RSI characterizes its claims as being based on unfair competition. *See* Dkt. No. 11 (Amended Complaint) ("This is an unfair competition case."). It is not clear how a customer seeking certification of its rail scale could possibly be liable to RSI for unfair competition. *See, e.g.*, 15 U.S.C. §§ 1114, 1125. Based on the allegations in Defendants' counterclaim, it is plausible that RSI deliberately misled BRC's potential customers into thinking otherwise in an effort to interfere with BRC's business.

RSI's second argument regarding Defendants' failure to allege facts to support an independently tortious act is equally unconvincing. RSI argues that Defendants have failed to plead RSI's fraudulent misrepresentation to BRC's potential customers with particularity. Dkt. No. 47 at 7-8. To the contrary, Defendants' counterclaim alleges that RSI's Director called a specific customer in February 2016 and told the customer that a contract with BRC would result in liability to RSI, despite having no basis for such a conclusion. *See* Dkt. No. 48 at 4-5; Dkt. No. 43 ¶ 167. These allegations are sufficient to support the second element of a tortious interference claim. *See, e.g.*, *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) ("Rule 9(b) requires that plaintiffs plead enough facts to illustrate the 'who, what, when, where, and how' of the alleged fraud.") (internal quotation and citation omitted). Defendants' allegations in Count III therefore adequately state a claim for tortious interference.

### C. Business Disparagement Counterclaim

The parties do not dispute the five general elements of a claim for business disparagement under Texas law: "(1) publication by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages." *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *3 (N.D. Tex. Dec. 29, 2015).

RSI argues that Defendants have not alleged "any disparaging statements against their economic interests." Dkt. No. 47 at 9. This is not true. Defendants allege facts about a specific phone call by an RSI Director telling a potential BRC customer that if it contracted with BRC, it would be liable to RSI for unfair competition. Dkt. No. 43 ¶¶ 167, 173-77. RSI assumes that the disparaging statement must be *about* the injured party's economic interest. *See* Dkt. No. 47 at 10 ("this type of statement has nothing to do with Defendants' economic or business interests"). This assumption is simply incorrect and warrants no further discussion. *See Teel*, 2015 WL 9478187, at * 4 ("[T]he action for business disparagement protects the economic interests of the injured party against pecuniary loss.").

RSI also argues that Defendants have not alleged that any disparaging statements are false. Dkt. No. 47 at 10-11. Again, not true. Defendants' counterclaim alleges that "RSI has made *false* and disparaging statements . . . including statements that doing business with BRC would subject third parties to legal liability relating to RSI's purported trademark, trade dress rights, and trade secrets." Dkt. No. 43 ¶ 174 (emphasis added). RSI insists that BRC could not prove that RSI's statements were false because there is an "an undecided legal issue" as to whether BRC's customers could be liable to RSI for unfair competition by doing business with BRC. Based on the parties' submissions, however, there is no basis to conclude that a rail scale customer could be liable to RSI for unfair competition. At least in this context, a customer seeking rail scale certification services does not compete with a company providing those services, nor would the customer's typical contractual relationship give rise to a trademark, tradename, or trade secret claim. Accordingly, Defendants' counterclaim plausibly alleges that RSI's statements were false.

Finally, RSI argues that Defendants have not alleged special damages. Once again, not so. Defendants allege facts regarding a specific business relationship that ceased to exist following RSI's alleged disparaging statements. Dkt. No. 43 ¶¶ 167, 173-77. Accordingly, Defendants have made the requisite allegations of "specific lost sales, loss of trade, or loss of other dealings." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011) (quoting *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 628 (Tex. App.-Fort Worth 2007). Accordingly, Defendants' business disparagement allegations in Count IV adequately state a claim for which relief can be granted.

## CONCLUSION

RSI's motion (Dkt. No. 41, 47) to dismiss Defendants' counterclaims is **GRANTED-IN-PART** and **DENIED-IN-PART**. Defendants' declaratory judgment counterclaims in Counts I and II (Dkt. No. 43) are DISMISSED as redundant. Defendants adequately allege facts supporting their tortious interference and business disparagement claims in Counts III and IV, and thus the remainder of RSI's motion is DENIED.

**SIGNED this 23rd day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE