IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAIL SCALE, INC., | § § § | |
| *Plaintiff*, | § § | Case No. 2:15-CV-02117-RSP |
| v. | § § | |
| BALANCED RAILSCALE CERTIFICATION, LLC, TROY SWEDLUND, DENNIS SANDIFER, | § § § § § | |
| *Defendants*. | § § | |

## **MEMORANDUM OPINION AND ORDER**

This is an unfair competition case in which Rail Scale, Inc. ("RSI") alleges that former RSI employees, Troy Swedlund and Denis Sandifer, and their newly-formed rail scale certification business, Balanced Railscale Certification, LLC ("BRC"), misappropriated RSI's trade secrets, breached fiduciary duties to RSI, committed civil theft, engaged in common law unfair competition, and infringed RSI's trademark and tradename. Defendants counterclaim that RSI intentionally interfered with their prospective business and disparaged BRC, and Defendants seek a declaratory judgment that Defendants are not infringing RSI's trademarks, tradename, or trade secret rights. RSI moves for summary judgment on its trade secret, fiduciary duty, civil theft, and unfair competition claims (Dkt. No. 71), in addition to moving for summary judgment on Defendants' counterclaims (Dkt. No. 72). For the reasons explained below, RSI's motions for summary judgment are DENIED.

## **DISCUSSION**

Summary judgment should be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine

issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012). The moving party must identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a party has made that showing, the non-moving party bears the burden of establishing otherwise. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (citing *Celotex*, 477 U.S. at 323). The non-moving party cannot "rest upon mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248. Thus, summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

**A. RSI's Trade Secret, Fiduciary Duty, Civil Theft, and Unfair Competition Claims**

*1) Trade Secrets*

RSI argues that summary judgment must be granted on its trade secret claim because, according to RSI, there is no factual dispute that Defendants misappropriated secret documents and information, including RSI's customer lists, and that Defendants have been using this information to divert business away from RSI. Dkt. No. 71 at 7-17. The Court disagrees.

To prevail on a trade secret claim, RSI must show that (1) a trade secret existed, (2) it was acquired through a breach of a confidential relationship or discovered by improper means,

2

and (3) it was used without plaintiff's authorization. *Phillips v. Frey*, 20 F.3d 623, 627 (5th Cir. 1994). "A trade secret 'is one of the most elusive and difficult concepts in the law to define.'" *Tewari De–Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 637 F.3d 604, 613 (5th Cir.2011) (quoting *Lear Siegler, Inc. v. Ark–Ell Springs, Inc.*, 569 F.2d 286, 288 (5th Cir. 1978)). Accordingly, "the question of whether certain information constitutes a trade secret ordinarily is best 'resolved by a fact finder after full presentation of the evidence from each side.'" *Id.*

Though RSI contends that its customer lists and other information are trade secrets, RSI's evidence is not uncontroverted. Defendants have come forward with evidence suggesting that RSI may not have strictly maintained the secrecy of its information. *See, e.g.*, Dkt. No. 78-2 (Essex Dep.) at 42:2-10; Dkt. No. 78-3 (Daveline Dep.) at 27:1-22. The question of whether a trade secret existed will therefore be for the jury to decide.

   *2) Fiduciary Duty and Civil Theft*

RSI's fiduciary duty and civil theft claims largely overlap with the trade secret claim. According to RSI, Swedlund and Sandifer breached their fiduciary duty by relying on the education, training, and confidential customer information obtained exclusively through RSI. Dkt. No. 71 at 17-19. Similarly, RSI's civil theft claims is based on RSI's contention that a trade secret exists. *See Healthpoint, Ltd. v. Ethex Corp.*, No. CIV.SA-01-CA-646-OG, 2004 WL 2359420, at *31 (W.D. Tex. July 14, 2004) (existence of trade secret is element of civil theft claim).

Because there are factual disputes as to whether RSI maintained the secrecy of its information, the Court cannot determine whether Swedlund and Sandifer breached any fiduciary duty that may have existed or committed civil theft. Even if a fiduciary duty followed Swedlund and Sandifer to BRC, the duty "does not bar use of general knowledge, skill, and experience."

*Am. Derringer Corp. v. Bond*, 924 S.W.2d 773, 777 (Tex. App. 1996). Rather, "it prevents the former employee's use of confidential information or trade secrets acquired during the course of employment." *Id.* Whether RSI kept its information confidential or secret is a question for the jury. The same applies to RSI's civil theft claim.

   3) *Unfair Competition*

Summary judgment cannot be granted on RSI's unfair competition claim because unfair competition requires an independent tort, such as trade secret misappropriation, breach of fiduciary duty, or civil theft. *See, e.g.*, *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 676 (S.D. Tex. 2010). "Unfair competition under Texas law 'is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.'" *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000) (quoting *Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974)). The tort requires a plaintiff to show that the defendant engaged in an illegal act that interfered with the plaintiff's ability to conduct business. *Id.* "Although the illegal act need not necessarily violate criminal law, it must at least be an independent tort." *Id.* Accordingly, because there are factual disputes underlying RSI's independent tort claims, summary judgment on the unfair competition claim cannot be granted.

## B. Defendants' Counterclaims

RSI contends that summary judgment should be granted on each of Defendants' counterclaims—the declaratory judgment counterclaims, the tortious interference counterclaim, and the business disparagement counterclaim. Dkt. No. 72 at 2. In a concurrent Order, the Court dismissed Defendants' declaratory judgment counterclaims as redundant and unnecessary

4

because the claims are mirror-images of RSI's affirmative claims. Accordingly, the Court will only address Defendants' tortious interference and business disparagement claims.

*1) Tortious Interference*

The parties do not dispute that under Texas law, a claim for tortious interference must establish the following elements:

(1) A reasonable probability that the injured party and a third party would have entered into a contractual relationship;

(2) The accused party committed an independently tortious or wrongful act preventing the relationship from occurring;

(3) The accused party did the act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of the conduct; and

(4) The injured party incurred actual harm or damage as a result of the interference.

*Dunlap v. Denison Indep. Sch. Dist.*, No. 4:09CV234, 2010 WL 1189561, at *5 (E.D. Tex. Mar. 25, 2010).

RSI argues that there is no material dispute as to the first, second, and fourth elements of Defendants' tortious interference claim. While the Court agrees that Defendants' evidence of tortious interference is thin at best, Defendants have overcome their summary judgment burden. Defendants submitted a sworn declaration by Swedlund, in which Swedlund states that BRC and a potential customer were communicating about scale certification services and had scheduled a test certification when Swedlend "was informed that . . . RSI had contacted [the customer] concerning potential liability if [the customer] conducted business with BRC." Dkt. No. 79-14 (Swedlund Dec.) ¶ 15.

Viewed in a light most favorable to Defendants, Swedlund's declaration is sufficient to establish a factual dispute regarding the first, second, and fourth elements of a tortious interference claim. Assuming Swedlund's statement is true, a juror could conclude that there was a reasonable probability that a contract would have formed given that BRC and the potential customer had scheduled a rail certification test. As to the second element, RSI contends that there is no evidence that RSI "intended to deceive" the potential BRC customer, but a reasonable conclusion to the contrary is that RSI's statement about the customer's liability is false and was made with the intent to mislead the customer about the risk associated with doing business with BRC. Finally, because a juror could conclude that there was a reasonable probability that a contract would have formed, it follows that Defendants may have been damaged monetarily by the loss of the contract.

RSI contends that Swedlund's declaration is self-serving and inadmissible hearsay. An affidavit or declaration, however, is ordinarily competent summary judgment evidence. *St. Bernard Par. v. Lafarge N. Am.*, 550 F. App'x 184, 190 n.1 (5th Cir. 2013). RSI is correct that Swedlund's declaration contains hearsay—Swedlend contends he "was informed" that RSI had contacted the potential customer about liability resulting from doing business with BRC. *See* Dkt. No. 79-14 ¶ 15. "While the form of the nonmovant's evidence need not be admissible, the content of the evidence must meet evidentiary requirements." *See Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir.1997) (finding that the hearsay statements in an affidavit submitted to defeat summary judgment were "incompetent summary judgment evidence"). Thus, Defendants' only evidence of an independently tortious act appears to be based on the hearsay in Swedlund's declaration. Nevertheless, Swedlund's declaration states the name of an employee of the potential customer, and this employee could testify at trial as to what RSI told him about the

consequences of doing business with BRC, and such testimony would not likely be hearsay. *See* Fed. R. Evid. 801(d)(2). The Court will otherwise take up the evidentiary hearsay issue at the pretrial conference.

   *2) Business Disparagement*

The parties do not dispute the five general elements of a claim for business disparagement under Texas law: "(1) publication by the defendant of the disparaging words, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages." *Teel v. Deloitte & Touche LLP*, No. 3:15-CV-2593-G, 2015 WL 9478187, at *3 (N.D. Tex. Dec. 29, 2015). RSI contends that there is no evidence of a disparaging statement against Defendants' economic interest, no evidence that any alleged statement was false, and no evidence of special damages. Dkt. No. 72 at 13-15.

Although the Court agrees with RSI that Defendants' business disparagement claim is weak at best, there is at least a minor dispute of fact. The business disparagement claim is largely the same as the tortious interference claim, and, like the tortious interference claim, rests on a single paragraph in Swedlund's declaration. *See* Dkt. No. 78-14 ¶ 15. Swedlund's declaration suggests that RSI made a statement to a potential BRC customer, and although the content of Swedlund's declaration is inadmissible hearsay in its current form, the potential customer's employee could testify about RSI's statement, and such testimony would not be hearsay. *See* Fed. R. Evid. 802(d)(2). Given that it seems implausible that BRC's customers could be subjected to the type of liability allegedly threatened by RSI, it is reasonable to infer that RSI's statement to the potential employee is false, and that the statement resulted in the loss of a specific contract. A reasonable juror could therefore infer "specific lost sales, loss of trade, or loss of other dealings." *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959

(E.D. Tex. 2011) (quoting *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 628 (Tex. App.-Fort Worth 2007). Accordingly, summary judgment on Defendants' counterclaims cannot be granted.

## CONCLUSION

In light of unresolved material dispute of fact, RSI's motions for summary judgment (Dkt. Nos. 71, 72) are **DENIED**.

**SIGNED this 23rd day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE