IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RAIL SCALE, INC., | § | |
| | § | |
| v. | § | Case No. 2:15-CV-02117-RSP |
| | § | |
| BALANCED RAILSCALE CERTIFICATION, LLC, TROY SWEDLUND, DENNIS SANDIFER | § § § | |

## **MEMORANDUM ORDER**

Currently before the Court is the Defendants' Motion for Award of Fees and Costs (Dkt. No. 109). For the reasons set forth below, the motion is granted as to costs, but denied as to fees.

On February 15, 2017, the Court granted Rail Scale's motion to dismiss with prejudice its cause of action under the Lanham Act, which was Rail Scale's only federal claim in this unfair competition case. Because only state law claims remained, they were dismissed for lack of subject-matter jurisdiction.

Defendants move for costs as the prevailing party. They also move for an award of attorney's fees on three grounds: (1) that the Lanham Act, 15 U.S.C. §1117(a), authorizes an award of fees if a case is found to be "exceptional"; (2) that they made an offer of judgment under Rule 68 before the dismissal, on terms more favorable than the ultimate disposition; and (3) that the Court has the inherent power to award fees.

With respect to court costs, the Court finds that Defendants are the prevailing parties and are thus entitled to an award of costs. The Court has reviewed the exhibits to Defendants' motion and finds that the deposition transcript costs are properly documented and recoverable. Accordingly, costs are taxed against Plaintiff in the amount of $8,144.47.

1

With respect to fees, the Court can easily conclude that the last two grounds urged by Defendants are unavailing. The offer of judgment filed into the record as an exhibit to the motion clearly required the dismissal with prejudice of all claims (as well as other terms), whereas all of the state law claims in this case were dismissed without prejudice for lack of jurisdiction. There is also no basis for the Court to exercise its inherent authority to award fees.

The most substantial issue presented by the motion is whether the case merits a finding of exceptionality. The Supreme Court recently addressed the standard to be applied, in the case of *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). There the Court held that the question was whether a case "stands out from others" either "with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." While the Court agrees with Defendants that the Lanham Act claims were weak, the Court was not able to form an opinion of the strength of the state law claims, and cannot conclude that the case was exceptional with regard to the substantive strength or weakness of Plaintiff's claims.

Defendants also make an appealing argument concerning the manner in which the case was litigated, arguing that it was motivated by the desire of the larger, more powerful, former employer to hamper the start-up business of its former employees. However, the Court did not see sufficient evidence of such a motive, to justify a finding of exceptionality on that basis. Accordingly,

The Motion is GRANTED with respect to taxation of costs against Plaintiff in the amount of $8,144.47, and otherwise DENIED.

**SIGNED this 21st day of April, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE